IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Criminal No. 22-150 |
| | ) |
| FREDERICK ALLEN, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Pending before the court is a pro se motion for clarification filed by defendant Frederick Allen ("Allen") (Crim. No. 22-150, ECF No. 58). The government filed a response in opposition to the motion at both of Allen's criminal cases (Crim. No. 21-154, ECF No. 100; and Crim. No. 22-150, ECF No. 60). The motion is ripe for decision.

Factual and Procedural Background

On August 30, 2022, Allen pleaded guilty to count 1 of the Indictment at Crim. No. 21-154, which charged him with Possession with Intent to Distribute a quantity of fentanyl and a quantity of fluorofentanyl, on February 10, 2021, a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and count 1 of the Information at Crim. No. 22-150, which charged him with Possession of ammunition by a convicted felon, on February 10, 2021, a violation of 18 U.S.C. § 922(g)(1).

On January 4, 2023, Allen was sentenced to 36 months in prison at each of count 1 of Crim. No. 21-154 and count 1 of Crim. No. 22-150, to run concurrent; followed by 6 years of supervised release at count 1 of Crim. No. 21-154 and 3 years at count 1 of Crim. No. 22-150, to

run concurrent.   Allen also faced state charges.

In November 2023, Allen filed a motion for a time credit calculation (Crim. No. 22-150 ECF No. 43).   The government reported that Allen overserved his federal sentence by about 90 days and was returned to state custody in December 2023 (Crim. No. 22-150 ECF No. 45).   *See* Crim. No. 22-150 ECF No. 50 (Allen's chronological statement of Pennsylvania charges and parole violation and federal detainer).   Pennsylvania was notified of the overage.   *Id.*

On October 10, 2024, the court granted Allen's second motion for clarification (ECF No. 54) in part.   The court observed that there has been confusion with respect to custody over Allen and that the government conceded that Allen overserved his federal prison sentence.   The court, therefore, ordered that the "government shall request the Federal Bureau of Prisons to provide written notice to Allen of the dates in which he was in federal custody and how his time in state custody was credited to his federal sentence."   (ECF No. 55 at 4).

On November 5, 2024, the Assistant United States Attorney ("AUSA") sent a letter to Allen.   The letter was attached to Allen's motion (ECF No. 58 at 4).   The letter reflects that, in response to this court's order, the government received records from the Federal Bureau of Prisons and the Pennsylvania Department of Corrections and reported the dates for which Allen was in custody in each system.

Allen is no longer in federal custody.   To the best of the court's knowledge, Allen remains in Pennsylvania custody.   His filing dated December 1, 2024, was mailed from SCI-Houtzdale.   The AUSA's letter noted that a parole review was scheduled for December 12, 2024.

Discussion

It is unclear what Allen is asking this court to do. He contends that his due process rights are being violated, but recognizes that "the matter of time credit calculation has been address[ed] by this court." (ECF No. 58 at 3).

Allen is no longer in federal custody. The AUSA complied with the court's direction in the October 10, 2024 opinion to obtain information about how Allen's time in federal and state custody was credited.

To the extent that Allen is seeking a release from custody or has any other objection to his state parole, he must seek relief from the state court. There is nothing further this court can do.

Conclusion

For the reasons set forth above, the motion for clarification (Crim. No. 22-150, ECF No. 58) will be denied.

An appropriate order will be entered.

Dated:   January 2, 2025

BY THE COURT:

/s/ Joy Flowers Conti
Senior United States District Judge